UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN LAURIE RENART,<br>    Plaintiff,<br><br>    v.<br><br>RAISER, LLC,<br>UBER TECHNOLOGIES, INC.,<br>and GUY PIERRE,<br>    Defendants. | )<br>)<br>)<br>)   C.A. No. 1:19-12349:MLW<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                March 17, 2023

The Magistrate Judge issued a Report and Recommendation (Dkt. No. 95) (the "Report") concerning plaintiff Joan Laurie Renart's and defendants Guy Pierre, Raiser, LLC, and Uber, Inc.'s cross-motions for summary judgment (Dkt. Nos. 79, 85). The Magistrate Judge recommended that the court grant in part and deny in part defendants' Motion to Strike portions of Renart's affidavit (Dkt. No. 88), grant defendants' Motion for Summary Judgment, and deny plaintiff's Motion for Summary Judgment. Plaintiff has filed an objection to the Report (Dkt. No. 96) (the "Objection"). Defendants have filed a Reply to the Objection (Dkt. No. 98).

The court has reviewed de novo the matters to which plaintiff objected. See 28 U.S.C. §636(b)(1)(B) & (C); Fed. R. Civ. P. 72(b)(3); Díaz-Alarcón v. Flández-Marcel, 944 F.3d 303, 310 (1st Cir. 2019). The court finds the Report to be thorough, thoughtful,

and persuasive. Therefore it is being incorporated it into this Memorandum and Order. See Exhibit A.

The Magistrate Judge correctly construed the applicable Massachusetts law concerning negligence. Causation is, as she noted, an essential element of a claim to recover damages for negligence. See Glidden v. Maglio, 430 Mass. 694, 696 (2000). As the Magistrate Judge also noted, under the applicable law of Massachusetts, "[e]xpert testimony is necessary where proof of medical causation lies outside the ken of ordinary jurors." Pitts v. Wingate at Brighton, Inc., 972 N.E.2d 74, 78 (Mass. App. Ct. 2012). There are some cases in which the defendant's alleged negligence "was an obvious, commonsense explanation for [plaintiff's] injuries." Id. at 79. For example, in Pitts, a frail woman suffering from numerous medical conditions fell when a nursing home aide dropped her on the floor while trying to move her from the toilet to a wheelchair in a negligent manner. Id. at 77. The woman immediately complained of pain in her leg, which she had never done before. Id. The woman was sent to the hospital where she was diagnosed with fractures in her leg. Id. at 78. The Massachusetts Appeals Court found that "[n]o expert testimony [was] necessary for lay jurors to appreciate that allowing a nursing home patient to fall to the floor could cause a broken bone." Id. at 79.

2

Contrary to Renart's contention, the Magistrate Judge correctly concluded that this case is not analogous to Pitts. On October 27, 2017, Renart was already scheduled for right knee replacement surgery, which she had in January 2018. See Records of Dr. Jeffrey Warhaftig, Dkt. No. 83-3; Records of EmergeOrtho, Dkt. No. 83-4. Construed in the light most favorable to the plaintiff, she reported the "wrench" of her knee four days after October 27, 2017. Records of Dr. Jeffrey Warhaftig, Dkt. No. 83-3. However, she did not then complain of any of the ailments for which she seeks damages in this case. See id. In June 2018, she complained of hip pain. Records of EmergeOrtho, Dkt. No. 83-4. In August 2018, she complained of neck and upper right extremity pain, but did not link it to the October 27, 2017 incident. Records of EmergeOrtho, Dkt. No. 81-7. Rather, she stated that her symptoms "started somewhat suddenly after waking up one morning," and associated the pains with having slept the wrong way. Id. She did not assert that the pain in her shoulder, arm, and neck was caused by the October 27, 2017 incident until fourteen months later, on January 23, 2019. See Record of Dr. John Knab, Dkt. No. 81-10.

In these circumstances, the Magistrate Judge correctly concluded that a lay juror could not without expert evidence find that the October 27, 2017 incident was a cause of the pain for which Renart now seeks damages. See Weinberg v. Massachusetts Bay Transportation Authority, 205 N.E.2d 5, 6-7 (Mass. 1965) (holding

3

that defendant's shortness of breath and varicose veins, which manifested years after the fall from the trolley, required expert testimony to prove causation); Casey's Case, 204 N.E.2d 710 (Mass. 1965) (finding admissible expert testimony necessary to prove causation when trauma allegedly exacerbated preexisting condition); Rotman v. Nat'l R.R. Passenger Corp., 669 N.E.2d 1090 (Mass. App. Ct. 1996); Everett v. Ejofodomi, 926 N.E.2d 229, 2010 WL 1923773 (Mass. App. Ct. 2010) (unpublished disposition) ("[B]ecause [plaintiff] appears to have suffered from a progressive preexisting osteoarthritis at that site, she needed an expert to demonstrate the causal connection between the accident and the aggravation of her hip disease." Id. at *2.).

Defendant has presented expert testimony sufficient, if believed, to refute Renart's claim concerning causation. More specifically, Dr. N. George Kasparyan's expert report indicates that he would testify at trial that Renart's "injuries were minor in nature and that all orthopaedic issues pertaining, especially to her shoulder and knee, were pre-existing in nature." Report of Dr. N. George Kasparyan, Dkt. No. 81-9.

Therefore, to defeat defendant's motion for summary judgement, Renart must produce "admissible evidence to support her claim" that defendant's alleged negligence caused the harm for which she is seeking damages. Fed. R. Civ. P. 56(c)(1)(B). She has

4

not designated an expert witness to testify on her behalf and the deadline to do so has passed.

Renart's medical records could provide the required expert opinion. Such records are admissible at trial to the extent that they contain statements that are "made for — and [are] reasonably pertinent to — medical diagnosis or treatment." Fed. R. Evid. 803(4)(A). Statements concerning the "general cause" of symptoms are also admissible. Fed. R. Evid. 803(4)(B). Renart relies on such records. However, the court finds that none of them contain a statement by a medical professional that the conditions for which Renart seeks damages were caused by the October 27, 2017 incident. The Magistrate Judge correctly concluded that "[t]o the extent that Renart provides characterization of her medical records, such statements are [] inappropriate and should not be considered." Report at 3. The Magistrate Judge noted that "[t]o the extent that Renart cites to isolated statements in the medical records purportedly attributing her pain symptoms to the incident, those doctors were not expressing an opinion as to the cause of her injuries but rather appear to have been documenting her reports to them about her symptoms." Id. at 12 (citing Record of Dr. John Knab, Dkt. No. 83-2; Records of EmergeOrtho, Dkt. No. 83-4).

This court agrees with the Magistrate Judge and does not find by a preponderance of the evidence that the statements on which Renart relies were the opinions of doctors, and therefore

admissible as the required expert evidence concerning causation. See Fed. R. Evid. 104(a).[1] Rather, these statements are only Renart's own lay opinions and are insufficient to create a material dispute concerning the essential element of causation.[2]

In view of the foregoing, it is hereby ORDERED that:

1. The Report is ADOPTED and INCOPRORATED in this Memorandum and Order.

2. Defendant's Motion to Strike (Dkt. No. 88) is ALLOWED in part and DENIED in part.

---

[1] For example, in paragraph 15 of her affidavit, Renart writes "One of my physicians, Dr. Knab, reported on January 23, 2019, that I was 'injured on October 2017 when she was pulled/twisted when getting into an UBER car." Renart Aff. at ¶15, Dkt. No. 83-1. However, the underlined language is in a section of a five-page report under the heading of "Subjective." See Records of Dr. John Knab, Dkt. No. 81-10. In a paragraph titled "HPI (History of Present Illness) Details," Dr. Knab wrote: "Very pleasant 67-year-old female who was injured in October 2017 when she was pulled/twisted when getting into an UBER car . . . .'" Id. Viewed in context, this court concludes that Dr. Knab was merely recording what Renart reported rather than expressing his own opinion of the cause of her ailments.

[2] Therefore, the Magistrate Judge properly struck Renart's characterizations of her medical records from her affidavit. To the extent that Renart accurately quotes directly from the records, those statements are admissible under Federal Rule of Evidence 803(4), see Facey v. Dickhaut, 91 F. Supp. 3d 12, 21 (D. Mass. 2014), and have been considered by this court, as they were evidently considered by the Magistrate Judge. However, to the extent that Renart's affidavit puts her own gloss on admissible records, she is making arguments rather than providing the evidence necessary to defeat defendants' motion for summary judgment. See Mekonnen v. OTG Management, LLC, 394 F. Supp. 3d 134, 146 (D. Mass. 2019).

3.  Plaintiff's Motion for Summary Judgment (Dkt. No. 85) is DENIED.

4.  Defendant's Motion for Summary Judgment (Dkt. No. 79) is ALLOWED.

5.  Judgment shall enter for Defendants.

/s/ Mark L. Wolf<br>UNITED STATES DISTRICT JUDGE